JAMES A. BOYD, ET AL. *v.* LANGHORN TABB, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—225.]

Petition for Rehearing.
    Although no response is filed to a petition for a rehearing it is the duty of this court to determine the questions raised by it.

**Distribution of Debtor's Insurance.**

> Where a debtor has taken out insurance to secure his indebtedness and after a fire has collected the insurance it should be prorated among all creditors.

## RESPONSE TO PETITION FOR REHEARING.

September 24, 1885.

## APPEAL FROM MASON CIRCUIT COURT.

March 20, 1886.

Opinion by Judge Lewis:

Although some delay and perhaps some confusion has resulted from appellants' omission to file a response to appellee's petition for rehearing, yet as the case is now before us on the petition for rehearing as to the modified opinion it is our duty to again consider it and to correct any error we may have committed.

After a careful examination of the pleadings we are satisfied they present no issue of practical importance as to the proper application of the insurance money. In his answer and counterclaims appellant, Boyd, uses this language: "But defendant states that plaintiff and said W. E. Tabb took out insurance on the whole property thus destroyed by fire for $24,000 and have actually collected $21,000. Defendant claims that plaintiff holds this money in trust for all the owners, and he owes defendant one-eighth thereof, subject to any equities which may exist in his favor upon a settlement of all the joint business and interests connected with said Dover factory and property." In his prayer for relief he asks "that the business and partnership connected with said Dover factory may be adjusted and settled that plaintiff, W. E. Tabb, may be charged with said insurance money subject to all proper equities."

Appellees in their reply state that at various times they loaned the firm of W. E. Tabb & Co. large sums of money, evidenced by notes set out amounting in the aggregate to about $32,900, and say, "The insurance which they had on the property was procured chiefly to secure the large debt due by the firm to W. E. Tabb jointly and singly. It was the only security which the firm, as such, could furnish them for the money loaned to them, and they claim the right to appropriate it to the payment of their debts against the firm be-

64

fore any of its members can rightfully require them to divide with them the insurance money."

It will be perceived that both parties claim that the insurance money belongs to the firm of W. E. Tabb & Co., and both in substance ask that it be appropriated to the use of the firm, the only difference between them being that appellees contend that it shall be first applied to pay the large debts which the firm owes them, while appellants contend that it should be paid to the joint owners subject to any equities that may exist in favor of appellees, which practically involves the same thing contended for by appellees.

Upon the basis thus assented to by the parties the settlement was made by the master commissioner without exception by appellees, and upon the same basis the judgment was rendered likewise without exception by them. It seems to us that as appellees admitted in their pleading that they obtained insurance on the property to make secure the debts which the firm of W. E. Tabb & Co. owed them, and asked for judgment first applying the insurance money to pay those debts before dividing it amongst the joint owners of the property, it is now too late to contend for a different application of it.

The original opinion in this case is adhered to and the mandate must go in accordance with it, the modified opinion being withdrawn.

*Wadsworth & Sons and T. A. Curran, for appellant.*

*Barbour & Cochran, for appellees.*